IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 04-CV-2501-WYD-CBS

METABOLITE LABORATORIES, INC., a Colorado corporation,

    Plaintiff,

v.

AMERISOURCEBERGEN CORP., a Delaware corporation, and
McKESSON CORP., a Delaware Corp.,

    Defendants.

---

**DEFENDANTS' MOTION FOR STAY**

---

Defendants AmerisourceBergen Corp. ("AmerisourceBergen") and McKesson Corp. ("McKesson") (collectively referred to herein as "Defendants"), by and through their undersigned counsel, respectfully move this Court for an Order staying this litigation pending the outcome of the related case, *Breckenridge Pharmaceutical Inc. v. Metabolite Laboratories, Inc.* United States District Court for the District of Colorado Civil Action No. 05-CV-1083-REB-BNB. In support of their motion, Defendants state:

**CERTIFICATION**

Pursuant to D.Colo.L.Rule 7.1, Defendants have conferred with counsel for Plaintiff with respect to this motion. Plaintiff objects to the Motion for Stay.

**INTRODUCTION**

Breckenridge Pharmaceutical, Inc. ("Breckenridge"), a non-party to this lawsuit, filed a lawsuit against Metabolite Laboratories, Inc. ("Metabolite") in the United States District Court

for the District of Florida ("Florida DJ Action") on November 22, 2004. In the Florida DJ Action, Breckenridge sought a declaration that its pharmaceutical products did not infringe upon Metabolite's Patent No. 6,528,496 ("496 Patent"), or in the alternative that the '496 Patent was invalid. *See* Complaint attached as <u>Exhibit A</u>.<sup>1</sup>

Within days of filing its personal jurisdiction motion in the Florida DJ Action, Metabolite filed this patent infringement action, asserting that various Breckenridge products infringed the same '496 patent. However, Metabolite elected to file its claims in this case, not against Breckenridge, but against two of Breckenridge's customers, Defendants AmerisourceBergen and McKesson. This lawsuit against Breckenridge's customers and the Florida DJ Action proceeded on parallel tracks, until May 17, 2005, when the Florida DJ Action was stayed, pending appeal of the jurisdictional issues as to Metabolite. *See* Order attached as <u>Exhibit B</u>. Immediately after the entry of the stay in the Florida DJ Action, Breckenridge filed a declaratory judgment action in this District against Metabolite so that the validity and enforcement of the '496 Patent could be determined among the real parties in interest – Breckenridge and Metabolite. *Breckenridge Pharmaceutical Inc. v. Metabolite Laboratories, Inc.* U.S.D.C. for the District of Colorado, Civil Action No. 05-CV-1083-REB-BNB ("Colorado DJ Action").

---

[1] In light of the Order issued by the Southern District of Florida in the Florida DJ Action, and the more recent filing of the Colorado DJ Action, Defendants intend to withdraw their Amended Motion to Dismiss the Amended Complaint for Improper Venue, or in the alternative, to Transfer to the Southern District of Florida (Docket Entry #14).

**LEGAL ARGUMENT**

This motion seeks to avoid needless parallel litigation of a patent dispute over the validity of Metabolite's '496 Patent. Because courts generally maintain a preference for the suit between the patentee and the allegedly infringing manufacturer, as opposed to the suit between the patentee and the customer of the allegedly infringing manufacturer, this case against two of Breckenridge's customers should be stayed in deference to the Colorado DJ Action between Breckenridge and Metabolite. Moreover, because Breckenridge initiated litigation regarding the '496 Patent, it should be deemed to have first filed its suit and this Court should stay this action pending resolution of the Colorado DJ Action.

I. **The Colorado DJ Action Involving The Real Parties In Interest Takes Priority Over Any Customer Litigation.**

Under the well-recognized "customer suit" rule, the Court normally would be obliged to recognize an action involving the allegedly infringing manufacturer or product source over an infringement suit against the manufacturer's customers, regardless of which case was filed first. *See Kahn v. General Motors Corp.*, 889 F.2d 1078, 1081-82 (Fed. Cir. 1989); *Codex Corp. v. Milgo Elec. Corp.*, 553 F.2d 735, 737-38 (1st Cir.), cert. denied, 434 U.S. 860 (1977) (preference for a manufacturer's declaratory judgment action because the manufacturer is the true defendant); *Mattel, Inc. v. Louis Marx & Co.*, 353 F.2d 421, 423 (2d Cir. 1965) cert. dismissed 384 U.S. 948 (1966). As recognized by the court in *Kahn*, the customer exception is "based on the

manufacturer's presumed greater interest in defending its actions against charges of patent infringement; and to guard against possibility of abuse." 889 F.2d at 1081.[2]

Because the fundamental dispute here is between Metabolite, as the holder of the '496 Patent, and Breckenridge, the Colorado DJ Action should be given priority over the Metabolite customer litigation. The Colorado DJ Action seeks to resolve whether the '496 Patent is valid, and if so, whether any of Breckenridge's products infringe it. Metabolite's claims against these customer Defendants are secondary to the Colorado DJ Action, and dependent upon its outcome. For example, if this Court were to find the '496 Patent to be invalid, Metabolite's claims against these Defendants would be moot.[3] In addition, Breckenridge has an acute interest in protecting these customers where Breckenridge has an indemnification agreement with them. These facts weigh heavily in favor of staying the customer litigation pending the outcome of the Colorado DJ Action. *See, e.g., Urbain v. Knapp Mfg. Co.*, 217 F.2d 810, 815 (6th Cir. 1954) (privity between manufacturer and customer supported decision to stay litigation against customer).

---

[2] Many courts have been willing to enjoin suits by a patentee against customers of an alleged infringer or contributory infringer in order to avoid needless litigation. *See, e.g., Cold Metal Products Co. v. E. W. Bliss Co.*, 285 F.2d 244, 245 (6th Cir. 1960); *Johnson Electric North America, Inc. v. Mabuchi Motor America Corp.* 1986 WL 5385, *2 (S.D.N.Y. 1986) (patentee enjoined from commencing, prosecuting or proceeding with any patent infringement action); *Wilbur v. Superior Concrete Accessories*, 217 F. Supp. 600, 602 (D.C. Cal. 1963) (granting motion for order enjoining plaintiffs from further suits against defendant's customers for patent infringement); *Bechik Products v. Flexible Products*, 225 F.2d 603, 607 (2d Cir. 1955) (injunction entered restraining the institution of suits against other customers of alleged infringer).

[3] At the settlement conference in which Magistrate Judge Shaffer suggested filing a Motion to Stay, concern was expressed by Metabolite's counsel that a decision in the Colorado DJ Action might not bind Breckenridge's customers here. Clearly, if Metabolite's patent is found to be invalid, all disputes in this case will be resolved. Moreover, AmerisourceBergen and McKesson agree to be bound by the rulings in the Colorado DJ Action if this case is stayed.

When a decision on the merits of an action between the manufacturer or product source and the patent holder will resolve the major issues as to the manufacturer's customers, the decision to give priority to the product provider's action is proper. *See Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990). Allowing Breckenridge's action to proceed in this manner comports with the Supreme Court's mandate that determinations of priority between manufacturer and customer suits should be made with an eye toward "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation . . . ." *Kerotest Mfg. Co. v. C-O-Two Co.*, 342 U.S. 180, 185-86 (1952). Thus, this Court should find the Colorado DJ Action takes priority over this case and grant the motion for stay.

## II. Breckenridge's Declaratory Judgment Claim Should be Deemed to be the "First Filed" Case Involving the '496 Patent.

Under long-standing precedent and as a principal of sound judicial administration, where identical suits are pending in two courts, the court in which the first suit was filed should generally proceed to judgment. *See, e.g., Alltrade, Inc. v. Uniweld Products*, 946 F.2d 622, 625, 628-29 (9th Cir.1991); *In re Burley*, 738 F.2d 981, 988 (9th Cir. 1984); *Jacobson v. Cox Paving Co.*, 1990 WL 283662 at *2 (D. Ariz., 1990) *and see generally Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183-84 (1952).

While Defendants recognize that the Colorado DJ Action was technically filed after this case, the Court should find that Breckenridge "filed first." Breckenridge's Florida DJ Action was clearly the first lawsuit filed involving the '496 patent and the Colorado DJ Action is a continuation of that first lawsuit, re-filed in Colorado after the Florida court concluded that it lacked personal jurisdiction over Metabolite. Accordingly, it should be considered the "first

5

filed" action involving the '496 patent, and given precedence over this lawsuit under the authorities cited above.

## CONCLUSION

There is no question that this Court has the power to enjoin unnecessary and wasteful duplication of litigation. For the reasons stated above, AmerisourceBergen and McKesson respectfully request that this Court grant this motion for stay pending resolution of the Colorado DJ Action, *Breckenridge Pharmaceutical Inc. v. Metabolite Laboratories, Inc.* United States District Court for the District of Colorado Civil Action No. 05-CV-1083-REB-BNB.

Dated this 11th day of July, 2005.

Respectfully submitted,

s/ Julie M. Walker
Hugh Q. Gottschalk
Julie M. Walker
Wheeler Trigg Kennedy LLP
1801 California St., Suite 3600
Denver, CO 80202
Telephone: (303) 292-2525
Facsimile: (303) 294-1879
gottschalk@wtklaw.com
walker@wtklaw.com

Robert E. Pershes, Esq. (Florida Bar No. 301906)
L.A. Perkins, Esq. (Florida Bar No. 100153)
Buckingham, Doolittle & Burroughs, LLP
2500 North Military Trail, Suite 480
Boca Raton, Florida 33431
Telephone: (561) 241-0414
Facsimile: (561) 241-9766

Mark J. Skakun (Ohio Bar #0023475)
Louis F. Wagner (Ohio Bar #0010768)
Philip R. Wiese (Ohio Bar #0067058)
Buckingham, Doolittle & Burroughs, LLP
50 S. Main Street - P.O. Box 1500
Akron, Ohio  44309-1500
Telephone:  (330) 376-5300
Facsimile:  (330) 258-6559

**Attorneys for AMERISOURCEBERGEN CORPORATION and MCKESSON CORP.**

## CERTIFICATE OF SERVICE CM/ECF

I hereby certify that on this 11th day of July, 2005, I electronically filed the foregoing **DEFENDANTS' MOTION FOR STAY** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

- **Glenn K. Beaton**
  gbeaton@gibsondunn.com ralfrey@gibsondunn.com;Denver_USDC@gibsondunn.com
- **Amanda J. Tessar**
  atessar@gibsondunn.com lapodaca@gibsondunn.com;Denver_USDC@gibsondunn.com

s/ Julie M. Walker by Deborah J. McGuire
Hugh Q. Gottschalk
Julie M. Walker
Wheeler Trigg Kennedy LLP
1801 California St., Suite 3600
Denver, CO  80202
Telephone:  (303) 292-2525
Facsimile:  (303) 294-1879
gottschalk@wtklaw.com
walker@wtklaw.com

**Attorneys for AMERISOURCEBERGEN CORPORATION and MCKESSON CORP.**