IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-02501-WYD-CBS

METABOLITE LABORATORIES, INC., a Colorado corporation,

Plaintiff,

v.

AMERISOURCEBERGEN CORPORATION, a Delaware corporation;
MCKESSON CORP., a Delaware corporation,

Defendants.

---

**ORDER**

---

THIS MATTER is before the Court on Defendants' Amended Motion to Dismiss the Amended Complaint for Improper Venue or, In the Alternative, to Transfer to the United States District Court, Southern District of Florida ("Motion to Dismiss"), filed February 17, 2005. Upon my careful review of the Motion and all of the responsive pleadings submitted by the parties,[1] I find Defendants' Motion to Dismiss should be DENIED.

I. BACKGROUND

This action involves a dispute over U.S. patent No. 6,528,496 (the "496 patent"), held by Metabolite Laboratories, Inc. ("Metabolite"). Metabolite claims a dietary

[1]In conjunction with the filing of the Motion to Dismiss, the Court considered the following: (1) Plaintiff's Response, filed March 23, 2005; (2) Defendants' Reply in Support of their Motion to Dismiss, filed April 7, 2005; (3) Plaintiff's Surreply Brief in Opposition to Defendants' Motion to Dismiss, filed April 11, 2005; (4) Defendants' Surreply in Response to Plaintiff's Surreply, filed April 29, 2005; and (5) the Notice of Rulings and Judgment by the United States District Court for the Southern District of Florida, filed by Plaintiff on May 19, 2005.

supplement manufactured by Breckenridge Pharmaceuticals, Inc. ("Breckenridge"), and distributed by Defendants AmerisourceBergen Corporation ("Amerisource Bergan") and McKesson Corportation ("McKesson") (collectively "Defendants"), infringes on the 496 patent. First Am. Compl., at ¶¶ 7-10. The 496 patent relates to "treating, preventing or reducing elevated metabolic levels." *Id.*, at ¶ 7. As more fully set forth in Defendants' moving papers, Breckenridge, Metabolite, and the licensee of Metabolite, Pamlab, LLC ("Pamlab"), have been, and are parties to, prior actions regarding infringement of similar patents. Two related cases filed against Metabolite and Pamlab in the Southern District of Florida are particularly relevant to Defendants' Motion to Dismiss. The earlier filed action was brought by Breckenridge on January 28, 2004 seeking a declaration that Metabolite's patent is invalid (the "04-80090 Action"). Judge Cohn, the United States District Court Judge for the Southern District of Florida, granted Metabolite's motion to dismiss for lack of personal jurisdiction on December 3, 2004, stating "personal jurisdiction over [Metabolite] is unfair under the United States Constitution."[2] Additionally, on May 17, 2005 defendant Pamlab's motion for summary judgment was granted and the entire case was dismissed.[3]

On November 22, 2004 Florida Breckenridge, Inc. ("Florida Breckenridge"), filed suit against the same defendants, Metabolite and Pamlab, seeking a declaratory

---

[2]See Order Granting Motion to Dismiss Amended Complaint, *Breckenridge Pharmaceutical, Inc. v. Metabolite Labs., Inc.*, No. 04-80090-CIV (S.D. Fla. Dec. 3, 2004) at 11 (attached as Exh. D to Pl.'s Resp.).

[3]*See* Final Judgement as to Defendant Pamlab, *Breckenridge Pharmaceutical, Inc. v. Metabolite Labs., Inc.*, No. 04-80090-CIV (S.D. Fla. May 17, 2005) at 1-2 (attached as Exh. B to Pl.'s Notice of Rulings and Judgment by the United States District Court for the Southern District of Florida).

judgment of non-infringement (the "04-81081 Action").[4] On January 24, 2005, after Judge Cohn granted Metabolite's motion to dismiss in the earlier filed 04-80090 Action, Metabolite filed a motion to dismiss for lack of personal jurisdiction. On January 31, 2005, Defendant Pamlab filed a combined motion to dismiss and motion for summary judgment as it had done in the 04-80090 Action. In response, Florida Breckenridge moved to stay the case and extend the time to respond to the motions until after the United States Court of Appeals for the Federal Circuit has ruled on the appeal in the 04-80090 action of the order granting Metabolite's motion to dismiss for lack of personal jurisdiction. Pursuant to his May 17, 2005 order, Judge Cohn granted Florida Breckenridge's request to stay the 04-81081 Action until the Federal Circuit issues an opinion in the 04-80090 Action.

Defendants aver this action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(3) because venue is improper and/or the prior pending action rule applies. Mot. to Dismiss, at 1. Alternatively, Defendants state this Court should use its discretionary power under 28 U.S.C. § 1404(a) to transfer this matter to Southern District of Florida. *Id*. Although Defendants do not make such claim in their Motion to Dismiss, Defendants aver as a fourth alternative, this Court should "stay this action until the Florida action(s) are resolved . . .". Defs.' Reply, at 6.

## II. DISCUSSION

### A. Whether Venue is Proper in Colorado

Defendants originally moved to dismiss this action for improper venue pursuant

---

[4]*See* Complaint, *Florida Breckenridge, Inc. v. Metabolite Labs., Inc.*, No. 04-81081-CIV (S.D. Fla. Nov. 22, 2004) (attached as Exh. E to Pl.'s Resp.).

to Rule 12(b)(3), asserting Plaintiff failed to allege sufficient facts to support a finding of jurisdiction under Colorado's Long Arm statute. Mot. to Dismiss, at 7. Specifically, Defendants argue Plaintiff did not establish a nexus between this cause of action and Defendants' "transacted business" within the forum, as required under C.R.S. 13-1-124. *Id*. The Court finds, however, Defendants abandoned their venue argument and do not raise this issue in their reply brief. Moreover, as outlined in Plaintiff's Surreply, Defendants' responses to discovery "confirm that neither defendant challenges the exercise of personal jurisdiction in Colorado."[5] Pl.'s Surreply, at 2. In light of Defendants' concession, and having satisfied myself that venue is proper in the District of Colorado, I find Defendants' Motion to Dismiss should be denied to the extent it requests this action be dismissed under Rule 12(b)(3).

B. Whether the Prior Pending Action Rule Applies

Defendants next claim that under the prior pending action rule, "this Court should dismiss the instant action in favor of the [04-81081 Action] pending in the Southern District of Florida." Mot. to Dismiss, at 12.[6] To support their argument, Defendants claim the forum of the first filed 04-81081 Action should be favored because that action seeks a declaratory judgment regarding the 496 patent and, therefore, is the "mirror image" of the patent infringement suit filed in this Court. *Id.*, at 8. Defendants further

---

[5]Defendants AmerisourceBergen and McKesson each stated in answers to interrogatories that "it does not contest that it is subject to personal jurisdiction in Colorado." Pl.'s Surreply, Exh. A and Exh. B, at 5.

[6]Through their Reply, Defendants extend this argument to include the 04-81081 Action *and* the 04-80090 Action, stating this case should be transferred to the Southern District of Florida under the prior pending case rule, because "two Breckenridge-related entities filed suit . . . in Florida." Defs.' Reply, at 2.

argue that even though the Defendants in this action are not partes to 04-81081 Action, the prior pending action should still apply because Metabolite is merely trying to "mask the second-filed action by not including Breckenridge" as a defendant. *Id.* Lastly, Defendants assert this Court should favor the 04-81081 Action because Florida Breckenridge, as the manufacturer of the alleged infringing product, has a greater interest in defending its actions against charges of patent infringement. *See Codex Corp. v. Milgo Electronic Corp. 553 F.2d 735*, 738 (C.A. Mass. 1977).[7]

The prior pending action rule, a change of venue principle, permits the transfer or dismissal of subsequently commenced litigation involving the same parties and the same issues when both suits are pending in federal courts. *See First City Nat'l Bank & Trust Co. v. Simmons,* 878 F.2d 76, 77 (2nd Cir.1989). There is generally a strong presumption in favor of the first-filed suit. *See New York v. Exxon Corp.,* 932 F.2d 1020, 1025 (2nd Cir. 1991).

Here, I do not find dismissal of this action is proper under the prior pending action rule because Defendants are not, and never have been, parties to either Florida action. The unpublished cases relied upon by Defendants use language which expressly indicates that in order for the first filed rule to apply, parties in the pending actions must be the same. *See Jacobson v. Cox Paving Co.*, 1990 U.S. Dist. LEXIS

[7]Defendants' parenthetical language following its citation to *Codex Corp.* erroneously states the *Codex Corp.* court acknowledged a "preference for a manufacturer's declaratory judgment action because the manufacturer is the *true defendant*." Defs.' Mot. to Dismiss, n. 18 (emphasis added). A closer look to the *Codex Corp.* opinion reveals the court's holding was more limited, providing that a manufacturer's declaratory judgment action "should take precedence over a mere customer action in a jurisdiction in which the *manufacturer could not be sued*." *Codex Corp., 553 F.2d at* 738 (emphasis added).

18702 (D. Ariz. 1990) ("[t]he general rule is that as a principal of sound judicial administration, where identical suits are pending in two courts, the court in which the first suit was filed should generally proceed to judgment."); *Solo Cup Co. v. Fort James Corp.*, 1999 U.S. Dist. LEXIS 18586 (D. Ill. 1999) ("[i]n cases such as this, where a declaratory judgment action and a mirror image patent infringement suit are filed, the general rule . . . ".); *McCracken v. Grand Vict. Casino & Resort*, 2002 U.S. Dist. LEXIS 22170 (D. Ind. 2002) (granting motion to dismiss in part where "the two causes of action are between the same parties and arise from the same set of facts."). I further find "as a principle of sound judicial administration" dismissal of this action under the prior pending action rule would be improper given the fact that Metabolite has already been dismissed for lack of personal jurisdiction in the 04-80090 Action. *Alden Corp. v. Eazypower Corp.*, 294 F.Supp.2d 233, 235 (D. Conn. 2003). Accordingly, I find Defendants' Motion to Dismiss should be DENIED as to its request that this action be transferred under the prior pending action rule.

C. Whether this Action Should be Transferred Pursuant to 28 U.S.C. § 1404

Defendants assert, in the alternative, that this Court should exercise its discretion and transfer this case to the Southern District of Florida out of concerns regarding convenience to the parties and to potential witnesses in this action. Mot. to Dismiss, at 12. In support of this argument, Defendants assert transferring venue is appropriate because Defendants consent to jurisdiction in the Southern District of Florida.

28 U.S.C. § 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any

other district or division where it might have been brought." Congress enacted the statute "as a 'federal housekeeping measure,' allowing easy change of venue within a unified federal system." *Chrysler Credit Corp. v. County Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 (1981)). Although Congress drafted section 1404(a) in accordance with the doctrine of forum non conveniens, "the statute was intended to revise rather than merely codify the common law." *Id.* District courts therefore enjoy greater discretion to transfer a case pursuant to section 1404(a) than to dismiss the action based upon the forum non conveniens doctrine. *Id.* The moving party bears the burden of demonstrating that the existing forum is inconvenient. *Id.*

The decision whether to transfer an action lies within the sound discretion of the trial judge. *See Texas Eastern Transmission Corp. v. Marine Office-Appleton & Cox Corp.*, 579 F.2d 561, 567 (10th Cir. 1978). In exercising that discretion, the Court must "adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Chrysler*, 928 F.2d at 1516 (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). The traditional factors that a District Court weighs in considering requests to transfer under 28 U.S.C. § 1404(a) are: (1) convenience to the parties; (2) convenience of the witnesses; and (3) the interests of justice. *See Parsons v. Chesapeake & Ohio Railway Co.*, 375 U.S. 71, 72 (1963).

Here, I find transferring this action to the Southern District of Florida is not warranted under 28 U.S.C. § 1404(a). In this case, the Plaintiff has selected Colorado as its forum of choice, and as previously set forth, Plaintiff's choice of forum is afforded

substantial deference. Moreover, I further find Defendants have not met their burden of "establishing that the existing forum is inconvenient." *Chrysler Credit Corp.*, 28 F.2d at 1515. With respect to the convenience of potential witnesses, for example, Defendants offer no evidence to refute Plaintiff's contention that the two University of Colorado medical school professors who invented the 496 patent, and who reside in this forum, will likely be two of the primary witnesses in this action. Instead, they claim that a transfer of venue is appropriate because it would accommodate Breckenridge, which maintains its principal place of business in Florida. Defs.' Reply, at 4. Even if Breckenridge was a party to this action, Defendants' argument would still fail, as a transfer of venue under § 1404(a) is improper where it only serves to shift the inconvenience from one party to another. *See Kahn v. General Motors Corp.*, 889 F.2d 1078, 1083 (Fed. Cir. 1989) ("transfer is inappropriate when it merely serves to shift inconveniences from one party to the other") (internal quotation and citation omitted). Factoring in the convenience of the parties to this action renders the same conclusion, as neither of the Defendants has any relationship to Florida, and Metabolite has already been found to lack sufficient minimum contacts to establish personal jurisdiction in the Southern District of Florida.

Weighing all these factors, I find Defendants' Motion to Dismiss should be DENIED to the extent it requests this action be transferred to the Southern District of Florida for convenience reasons.

D. <u>Whether This Action Should Be Stayed</u>

Lastly, I find Defendants' Motion to Dismiss should be DENIED to the extent it

requests this Court stay this action pending resolution of the Florida actions. Given the District Court's ruling on personal jurisdiction in the 04-80090 Action and Breckenridge's subsequent appeal, I find a stay would improperly delay this action.

## III. CONCLUSION

Based upon the foregoing, it is

ORDERED that Defendants' Amended Motion to Dismiss the Amended Complaint for Improper Venue or, In the Alternative, to Transfer to the United States District Court, Southern District of Florida, filed February 17, 2005, is **DENIED**.

Dated: August 30, 2005

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge