IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-2501-WYD-CBS

METABOLITE LABORATORIES, INC.,

Plaintiff,

v.

AMERISOURCEBERGEN CORPORATION, a Delaware Corporation, and
McKESSON CORPORATION, a Delaware Corporation,

Defendants.

---

## DEFENDANTS' MOTION TO TRANSFER OR, IN THE ALTERNATIVE, TO STAY

---

## I.      INTRODUCTION

Defendants Amerisource and McKesson ("Defendant Distributors"), by and through their undersigned counsel, respectfully move this Court for an Order transferring this litigation to the United States District Court, Southern District of Florida ("Southern District of Florida"), into Case No. 04-CV-81081, *Florida Breckenridge, Inc. v. Metabolite Laboratories, Inc.*, (the "Florida DJ action") or, alternatively, staying the instant case pending the outcome of the Florida DJ action.

There are at least three reasons why this case should be transferred to Florida:

(1)      The Court of Appeals, Federal Circuit has ruled that Metabolite is subject to personal jurisdiction in Florida;

(2)      The Florida DJ action is the first filed regarding the patent at issue; and

(3)      This pending litigation falls squarely within the "customer suit" rule.

The recent April 7, 2006 decision of the Court of Appeals for the Federal Circuit ("Federal Circuit"), setting forth that Metabolite is subject to personal jurisdiction in the Southern District of Florida, favors that this Court revisit the propriety of maintaining the present action in Colorado.  A true and accurate copy of the decision is attached hereto as Exhibit A.  In view of that decision, the "first to file" rule and the "customer suit" rule suggests that the Florida DJ action is preferred over the instant suit.  The Florida DJ action is the first-filed case involving U.S. Patent No. 6,528,496 (the "'496 Patent") as well as all of the real parties in interest.  The interests of judicial economy and comity also suggest that the court in that action should resolve the issues between the parties.

For the reasons set forth in this Motion, as well as, Defendant's Response in Opposition to Plaintiff's Motion to Consolidate, Defendants urge this Court to transfer the present lawsuit to the Southern District of Florida so that duplicative litigation, unnecessary use of judicial resources and inconsistent results among various Courts all can be avoided.

## II.    DISCUSSION AND ARGUMENT

### A.    *The Court of Appeals, Federal Circuit has issued a Precedential Opinion Regarding Metabolite.*

The Federal Circuit recently has issued a precedential opinion reversing the decision by the Southern District of Florida regarding personal jurisdiction over Metabolite, thereby making it appropriate for the Court to again address the propriety of either a transfer or a stay under the first-to-file rule.  It is now clear that Metabolite is subject to personal jurisdiction in the Southern District of Florida.  Moreover, there is generally a strong presumption in favor of the first-filed suit.  *See New York v. Exxon Corp.*, 932 F.2d 1020, 1025 (2nd Cir. 1991).  If there is not a stay or transfer of this matter, there is a strong likelihood that three cases will proceed to trial, all of

2

which involve the same fundamental issues involving the '496 Patent and all of which involve substantially the same parties.

**B.      The "First-To-File" Rule Indicates That This Matter Be Transferred to the Southern District of Florida.**

The long standing precedent, as a principal of sound judicial administration, where there are two suits involving substantially the same parties and issues, the general rule is that the court in which the first suit was filed should proceed to judgment first. *Elecs. For Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1347 (Fed. Cir. 2005); *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 938 (Fed. Cir. 1993) (holding that courts should prefer the first filed case unless considerations of judicial and litigant economy require otherwise); *Cessna Aircraft Co. v. Brown*, 348 F.2d 689, 692 (10th Cir. 1965) (holding the first federal district court which obtains jurisdiction of parties and issues should have priority and the second court should decline consideration of the action until the proceedings before the first court are terminated).   Moreover, the rule is applicable where three conditions are met: chronology, substantial similarity of the parties, and substantial similarity of the issues. *Save Power v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997). The rule does not require that the cases be identical. The crucial inquiry is one of "substantial overlap". *Id.*; *See also Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989).   Metabolite itself has acknowledged, if not advocated, this rule in its Opposition to Defendant's Motion to Stay, at page 6 [Doc. 44].

In light of the Federal Circuit Court's recent decision regarding personal jurisdiction over Metabolite in the Southern District of Florida[1], the circumstances are quite different from when

---

[1] Breckenridge initiated two lawsuits in the Southern District of Florida which involve Metabolite patents. In addition to the Florida DJ Action (04-CV-81081) which involves the '496 Patent, Breckenridge also filed a lawsuit

this Court first considered this issue in August, 2005.[2]   In fact, Plaintiff's main thrust in opposing

Defendant's first Motion For Stay and Motion to Transfer, was their assertion that Metabolite

was not subject to personal jurisdiction in the first-filed Florida case because the Southern

District of Florida had dismissed them in a companion case for lack of personal jurisdiction.

Plaintiff asserted that "...the alleged 'first filed case involving the '496 Patent' case that they

want the Court to relate back to is a legal nullity since the Florida Court lacked personal

jurisdiction." *Plaintiff's Opposition to Defendant's Motion For Stay [Doc. 44], at page 7,*

*footnote 19.*   Moreover, this Court referred to the fact that personal jurisdiction over Metabolite

appeared to be improper in its Order denying Defendant's Motion For Transfer, dated August 30,

2005 [Doc. 52].   Specifically, this Court held that "I further find as a principle of sound judicial

administration" dismissal of this action under the prior pending action rule would be improper

given the fact that Metabolite has already been dismissed for lack of jurisdiction in the 04-80090

action." [Doc. 52], at page 6 (*citing Alden Corp. v. Eazypower Corp.*, 294 F. Supp.2d 233, 235

(D. Conn. 2003)).

---

against Metabolite Laboratories, Inc. and PamLab, L.L.C.: *Breckenridge Pharm. v. Metabolite Laboratories, Inc., et al*, Case No. 04-CV-80090 which relates to other patents owned by Metabolite.  Both cases pending in the Southern District of Florida are assigned to Judge James I. Cohn.  Judge Cohn made a ruling in the 04-CV-80090 case, that the Southern District of Florida did not have personal jurisdiction over Metabolite.  Breckenridge appealed this ruling to the Federal Circuit.  In light of the appeal on the personal jurisdiction issue, Judge Cohn agreed to administratively stay the Florida DJ Action (which involves the '496 Patent) until the Federal Circuit made a decision.  On April 7, 2006, the Federal Circuit made its decision holding that the Southern District of Florida does have personal jurisdiction over Metabolite. *See, Breckenridge Pharmaceutical, Inc. v. Metabolite Laboratories, Inc., et al.,* 2006 U.S. App. LEXIS 8507. *See* attached Exhibit "A."

[2] As the Court will recall, AmerisourceBergen and McKesson had previously attempted to have the Customer Lawsuit transferred to the Florida DJ Action.  Metabolite, however, objected and argued that seeking to have the present action transferred to in the Southern District of Florida was a "nullity" because the District Court had ruled that did not have jurisdiction over Metabolite.   The Court declined to transfer the "customer suit" to the Southern District of Florida. *See,* August 30, 2005, Order dated  [Doc. 52].   In light of the Federal Circuit's ruling, Defendants respectfully submit that it is appropriate to revisit this issue so that the first lawsuit involving the '496 Patent can proceed in the Southern District of Florida and so duplicative litigation can be avoided.

Furthermore, the issues presented in the Florida DJ action regarding the invalidity and unenforceability of the '496 Patent, are the same fundamental issues that must be resolved in the instant case. Moreover, the parties in the Florida DJ action and this lawsuit are substantially similar. Although Breckenridge has not been named in the instant suit, Breckenridge has a Defense and Indemnification Agreement in place with the Defendant AmerisourceBergen and McKesson. The first-to-file rule and the interests of judicial economy and comity, support that the proper court for determination of the central issues regarding the validity and enforceability of the '496 Patent is the District Court in the Southern District of Florida.

### C.   The "customer suit" Rule Supports that this Matter Should be Transferred to the Southern District of Florida.

As previously asserted in Defendant Distributors' Motion For Stay[3] filed on July 11, 2005 [Doc. 36], under the well-recognized ""customer suit"" rule, the Court is obliged to first prioritize and favor an action involving the acts of an allegedly infringing manufacturer or product source provider as the real party in interest (here Breckenridge) over an infringement suit brought against the manufacturer's customers (here Defendant Distributors), regardless of which case was filed first. *Gluckin & Co. v. International Playtex Corp.*, F.2d 177, 177-78, 160 U.S.P.Q. (BNA) 513, 513 (2d Cir. 1969); *Codex Corp. v. Milgo Elec. Corp*, 553 F.2d 735, 737-38 (1st Cir.), cert <u>denied</u>, 434 U.S. 860 (1977) (preference for a manufacturer's declaratory judgment action because the manufacturer is the true defendant); *Delamere Co. v. Taylor-Bell Co.*, 199 F. Supp. 55 (S.D.N.Y. 1961).

---

[3] *See* Defendants' Motion for Stay. [Doc. 36].

In *Gluckin* (1969), the Second Circuit Court reviewed a decision of the district court that was faced with a similar case involving distributors. The Woolworth Company was distributing articles of clothing manufactured by Gluckin. Playtex brought an action for patent infringement against Woolworth for allegedly infringing a patent owned by Playtex. Gluckin brought a subsequent action against Playtex regarding the same issues being litigated in the lawsuit in which Woolworth was a named defendant. The Second Circuit Court affirmed the district court and held that Woolworth was a mere reseller of the products manufactured by Gluckin and the action was stayed in favor of the later-filed action of Gluckin, since Gluckin was the real party in interest. *Id.* 407 F.2d 177, 177-78, 160 U.S.P.Q. (BNA) 513, 513 (2d Cir. 1969).

Similarly, in *Codex Corp.* (1977), *supra.*, Milgo Electronics Corporation filed an infringement action against Yellow Freight, a customer of Codex, for infringement of patents owned by Milgo Electronics. Codex subsequently brought a suit regarding the infringement issues against Milgo. The First Circuit Court affirmed the district court ruling that stayed the first filed action against Yellow Freight in favor of the second filed action of Codex against Milgo, again on grounds that Codex and Milgo were the real parties in interest. *See Codex Corp. v. Milgo Elec. Corp.,* 553 F.2d 735, 737-38, 194 U.S.P.Q. (BNA) 49, 50 (1st Cir.), cert denied, 434 U.S. 860, 54 L. Ed 2d 133, 98 S. Ct. 185, 195 U.S.P.Q. (BNA) 466 (1977).

When a decision on the merits of an action between the manufacturer (or product source provider) and the patent holder will resolve the major issues as to the manufacturer's customers, the decision to give priority to the product source provider's action is proper. *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990). In *Katz*, the Federal Circuit Court affirmed the Massachusetts district court determination that a separate suit filed by Katz against a

customer of the defendant manufacturer should be enjoined under the "customer suit" rule. *Id.*

The Federal Circuit Court reasoned "this case fits the 'customer suit' exception, whereby

litigation against or brought by the manufacturer of infringing goods takes precedence over a suit

by the patent owner against customers of the manufacturer." *Id.* The Federal Circuit's decision

in *Katz* set forth the purpose behind the "customer suit" rule in quoting *Codex Corp. v. Milgo*

*Elec. Corp.* :

> At the root of the preference for a manufacturer's declaratory judgment action is
> the recognition that, in reality, the manufacturer is the true defendant in the
> "customer suit". . . . it is a simple fact of life that a manufacturer must protect its
> customers, either as a matter of contract, or good business, or in order to avoid the
> damaging impact of an adverse ruling against its products.

*Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990)(quoting *Codex Corp. v. Milgo*

*Elec. Corp.* 553 F.2d 735, 737-38 (1st Cir.), *cert denied*, 434 U.S. 960 (1977)).

Following these cases, and when applying the ""customer suit"" rule, the law suggests

that the Florida DJ action (which involves the product provider, Breckenridge) is the proper

forum to hear the claims at issue, thus taking priority over this lawsuit against Defendants which

are merely customers/distributors of the Breckenridge multivitamin product at issue. Moreover,

it is apparent that the Florida DJ case, which focuses on the validity and enforceability of the

'496 Patent will ultimately be dispositive of the issues of infringement in the present case. For

instance, if the '496 Patent is declared invalid and unenforceable, Metabolite's claims will be

rendered moot, since a party cannot infringe an invalid patent. Therefore, it is logical to transfer

the instant case to the Southern District of Florida so that all issues can be resolved by one court

instead of three.

**D.    *In the Alternative, Defendants Submit that this Court Should Stay this Matter Pending the Outcome of the Florida DJ Action.***

As discussed above, Defendant Distributors are customers of Breckenridge.   The fundamental dispute regarding whether the '496 Patent is invalid and/or unenforceable is between the two competing manufacturers of the $B_{12}$, $B_6$ and folic acid multivitamins: Metabolite and Breckenridge.   In accordance with case precedent regarding the "first-to-file" rule and the "customer suit" rule, Defendant Distributors firmly believe that it is appropriate that this Court transfer this matter to the Southern District of Florida, and more particularly to the Florida DJ action.   This will allow all of the issues to be resolved in the first filed case.   Transferring the present action also promotes judicial economy and prevents duplicative litigation which has the potential of producing inconsistent results.   Nonetheless, in the alternative, should this Court decide that a transfer is not appropriate, Defendant Distributors respectfully suggest that the appropriate alternative to transferring this case to the Southern District of Florida is to stay the present case pending the outcome of the Florida DJ case in the Southern District of Florida.   As well, a stay promotes judicial economy and avoids duplicative litigation and reduces the risk of potentially inconsistent results.

**III.    CONCLUSION**

Applying the first-to-file rule and the "customer suit" rule to the facts of the present case suggest  that the Florida DJ action should take preference over the instant case.   For the reasons set forth above, Defendant Distributors respectfully request this Court to exercise its discretion and Order that this case be transferred to the Southern District of Florida, or alternatively, stay this case pending the outcome of the Florida DJ action.

Date:   April 17, 2006                              Respectfully submitted,


                                                    s/ Hugh Q. Gottschalk
                                                    Hugh Q. Gottschalk
                                                    Wheeler Trigg Kennedy LLP
                                                    1801 California Street, Suite 3600
                                                    Denver, Colorado  80202
                                                    Telephone:     (303) 244-1800
                                                    Facsimile:     (303) 244-1879
                                                    gottschalk@wtklaw.com

                                                    Attorneys for Defendants
                                                    AmerisourceBergen Corp. & McKesson
                                                    Corp.

                                                    Buckingham, Doolittle & Burroughs, LLP

                                                    Robert E. Pershes
                                                    L.A. Perkins
                                                    5355 Town Center Road, Suite 900
                                                    Boca Raton, Florida  33486
                                                    Telephone:     (561) 241-0414
                                                    Facsimile:     (561) 241-9766

                                                    Mark J. Skakun, III
                                                    Louis F. Wagner
                                                    Philip R. Wiese
                                                    50 South Main Street
                                                    P.O. Box 1500
                                                    Akron, Ohio  44309-1500
                                                    Telephone:     (330) 376-5300
                                                    Facsimile:     (330) 258-6559

                                                    Co-Counsel Defendants
                                                    AmerisourceBergen Corp. & McKesson
                                                    Corp.

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on April 17, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- **Glenn K. Beaton**
  gbeaton@gibsondunn.com ralfrey@gibsondunn.com;Denver_USDC@gibsondunn.com
- **Hugh Gottschalk**
  gottschalk@wtklaw.com hart@wtklaw.com;gottesfeld@wtklaw.com
- **Robert C. Marshall**
  rmarshall@gibsondunn.com
  mmartinez@gibsondunn.com;Denver_USDC@gibsondunn.com
- **Mark J. Skakun**
  mskakun@bdblaw.com mreesey@bdblaw.com
- **Amanda J. Tessar**
  atessar@gibsondunn.com lapodaca@gibsondunn.com;Denver_USDC@gibsondunn.com
- **Louis F. Wagner**
  LWagner@bdblaw.com RLear@bdblaw.com
- **Julie M. Walker**
  walker@wtklaw.com mcguire@wtklaw.com
- **J. Gregory Whitehair**
  gwhitehair@gibsondunn.com
  lapodaca@gibsondunn.com;Denver_USDC@gibsondunn.com
- **Philip R. Wiese**
  pwiese@bdblaw.com

s/ Hugh Q. Gottschalk by Janean C. Hart
Hugh Q. Gottschalk
Attorneys for Defendants
  AmerisourceBergen Corp. and McKesson Corp.
Wheeler Trigg Kennedy LLP
1801 California Street, Suite 3600
Denver, Colorado  80202
Telephone:    (303) 244-1800
Facsimile:     (303) 244-1879
gottschalk@wtklaw.com

411885v1