IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:04-cv-02501-WYD-CBS

METABOLITE LABORATORIES, INC., a Colorado corporation,

Plaintiff,

v.

AMERISOURCEBERGEN CORP., a Delaware corporation, and
MCKESSON CORP., a Delaware corporation,

Defendants.

---

## METABOLITE'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER

---

Defendants' present motion is their third attempt to stay or transfer this case to Florida. This time their motion comes over a year into the case and at the close of discovery.

This most-recent attempt is purportedly justified on the basis of a decision by the Federal Circuit that there is personal jurisdiction over Metabolite in Florida (a decision that is currently the subject of Metabolite's petition for rehearing). But this Court's denial of Defendants' earlier motions did not hinge on whether there was personal jurisdiction over Metabolite in Florida. Moreover, the Federal Circuit's decision was in a case involving a different patent, different products, and different parties than the ones at issue in the present case.

# ARGUMENT

## I.    THE CASES

There are a total of four cases involving Metabolite, two in Florida and two in Colorado. One was filed by Metabolite, and the other three were filed by the "Breckenridge" entities.

### A.    The Florida Cases

The first Florida case was filed January 29, 2004 by Breckenridge Pharmaceutical, Inc. against Metabolite and its licensee Pamlab, L.L.C. for a declaration of patent noninfringement.[1] Breckenridge Pharmaceutical is purportedly the supplier of the infringing product to the two Defendants in the present case.[2]  Importantly, however, this first Florida case pertained not to the '496 Patent, but to two other Metabolite patents, and related to the product named "Folbee."[3] Metabolite was dismissed from this first Florida case for lack of personal jurisdiction.  That dismissal was appealed to the Federal Circuit, which recently reversed the district court's dismissal.  Metabolite has filed a petition for rehearing *en banc* that is now pending.[4]

---

[1]  *See* Complaint, *Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, Case No. 04-80090 (S.D. Fla. filed Jan. 29, 2004) in Exh. A.

[2]  *See* Complaint ¶ 18 (Docket No. 1).

[3]  *See* Complaint ¶¶ 14, 18 *Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, Case No. 04-80090 (S.D. Fla. filed Jan. 29, 2004) in Exh. A; *see also* Brief for Appellees Metabolite Laboratories, Inc. and Pamlab, L.L.C. p. 4, *Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, No. 05-1221, -1428 (Fed. Cir. filed Sept. 26, 2005) ("Breckenridge calls its formulation 'Folbee.'").

[4]  *See* Petition for Rehearing or Rehearing En Banc, *Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, Case No. 05-1221, 05-1428 (Fed. Cir. filed Apr. 21, 2006) in Exh. B.

The second Florida case was filed November 22, 2004 by a different Breckenridge entity, namely Florida Breckenridge, Inc., against Metabolite and Pamlab for a declaration of patent noninfringement or invalidity.[5]  This second Florida case did involve the '496 Patent.  Florida Breckenridge, Inc. asserted in this second Florida case that <u>it</u> was the supplier of the infringing product, named "Folbic" (not "Folbee").[6]  Florida Breckenridge never noted to the Florida court the existence of the first Florida case, and so this second Florida case was assigned to a different judge.[7]  Defendant Pamlab instead notified the Florida court of the other action,[8] after which the second case was transferred to the judge handling the first case.[9]  This second Florida case was never appealed to the Federal Circuit.  Instead it was simply stayed at Breckenridge's own request pending the outcome of Breckenridge's appeal of the first Florida case.[10]

---

[5]  *See* Complaint, *Florida Breckenridge, Inc. v. Metabolite Labs., Inc.*, Case No. 04-81081 (S.D. Fla. filed Nov. 22, 2004) in Exh. C.

[6]  *See id.* at ¶ 6; *see e.g.*, Defendant AmerisourceBergen's Amended Answers to Plaintiff's First Set of Interrogatories pp. 3-5 in Exh. D (answering Metabolite's interrogatories only to the extent that the interrogatories seek information regarding Folbic).

[7]  *See generally*, Complaint, *Florida Breckenridge, Inc. v. Metabolite Labs., Inc.*, Case No. 04-81081 (S.D. Fla. filed Nov. 22, 2004) in Exh. C.

[8]  *See* Notice of Pendency of Other Action, *Florida Breckenridge, Inc. v. Metabolite Labs., Inc.*, Case No. 04-81081 (S.D. Fla. filed Jan. 31, 2005) in Exh. E.

[9]  *See* Order of Transfer, *Florida Breckenridge, Inc. v. Metabolite Labs., Inc.*, Case No. 04-81081 (S.D. Fla. filed Mar. 16, 2005) in Exh. F.

[10]  *See* Order Granting Motion for Stay and Enlargement of Time Order Closing Case and Directed Periodic Status Reports, *Florida Breckenridge, Inc. v. Metabolite Labs., Inc.*, Case No. 04-81081 (S.D. Fla. filed May 17, 2005) in Exh. G.

There have been no pre-trial proceedings or discovery in either Florida case, other than personal jurisdiction discovery in the first Florida case.[11]

### B.    The Colorado Cases

The first Colorado case was the present case.[12]  It was filed by Metabolite against these two Defendants on December 3, 2004 for patent infringement.[13]  This case relates to the '496 Patent.[14]  After several extensions and stays, the discovery cutoff was set for December 20, 2005.[15]

The second Colorado case was filed by Breckenridge Pharmaceutical, Inc. against Metabolite and Pamlab on June 14, 2005 for a declaration of patent invalidity, unenforceability,

---

[11]  *See generally*, Case Docket, *Breckenridge Pharm., Inc. v. Metabolite Laboratories, Inc*., Case No. 04-80090 (S.D. Fla. filed Jan. 29, 2004); Case Docket, *Florida Breckenridge, Inc. v. Metabolite Labs., Inc.*, Case No. 04-81081 (S.D. Fla. filed Nov. 22, 2004).

[12]  Metabolite sued the present Defendants rather than the elusive Breckenridge companies because the Breckenridge companies appear to be poor candidates for satisfying a monetary judgment.  *See generally*, Plaintiffs' Opposition to Defendants' Motion to Stay (Docket No. 44); Metabolite's Sur-Reply in Opposition to Motion to Stay (Docket No. 55).

[13]  *See* Complaint ¶ 19-21.

[14]  *See id*. at ¶ 15.

[15]  *See* Second Amended Scheduling Order, Sept. 27, 2005 (Docket No. 60).

or noninfringement.[16]  This case also relates to the '496 Patent.  The discovery cutoff is June 30, 2006.[17]

Breckenridge Pharmaceutical, Inc. could have simply intervened in the present case, of course, but instead filed a separate suit.  Breckenridge never noted that its second suit was related to the earlier-filed present case, and so its second suit was assigned to a different judge.[18]  In the earlier-filed Colorado case – the present one – Metabolite filed a motion to consolidate the two Colorado cases.[19]  That motion is now pending.

### C.      The Cloudy Relationship Between the Breckenridge Entities

Defendants and the two Breckenridge entities make various and inconsistent assertions about the relationship between Breckenridge Pharmaceutical, Inc. and Florida Breckenridge, Inc.  For example, they contend that "[t]here is no difference between Florida Breckenridge, Inc., d/b/a Breckenridge Pharmaceutical, Inc., and the corporate entity Breckenridge Pharmaceutical, Inc." and that Breckenridge Pharmaceutical is the "real party, party in interest."[20]  But the Florida Secretary of State records showed that when these cases were filed they were indeed

---

[16]  *See* Complaint for Declaratory Judgment, *Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, Case No. 05-cv-1083 (D. Colo. filed June 14, 2005) (Docket No. 1).

[17]  *See* Order, *Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, Case No. 05-cv-1083 (D. Colo. filed Feb. 8, 2006) (Docket No. 100).

[18]  *See generally*, Complaint for Declaratory Judgment, *Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, Case No. 05-cv-1083 (D. Colo. filed June 14, 2005) (Docket No. 1).

[19]  *See* Motion for Consolidation (Docket No. 110).

[20]  Defendants' Reply to Plaintiff's Opposition to Defendants' Motion to Stay pp. 1-2 & 13 (Docket No. 47).

separate corporations.  And while the Colorado action was filed by Breckenridge

Pharmaceutical, Inc., the Florida action was filed by Florida Breckenridge, Inc.[21]  In neither

action did either "Breckenridge" assert that it was a trade name for the other.  To the contrary, in

the Colorado action it asserted that "Breckenridge Pharmaceutical, Inc. is a corporation formed

under the laws of the State of Florida"[22] and in the Florida action it asserted that "[Florida]

Breckenridge is a corporation formed under the laws of the State of Florida."[23]  Finally, the two

Breckenridge entities filed Articles of Merger on November 2, 2005,[24] belying their earlier

contention that they were the same entity all along.

## II.   THIS IS DEFENDANTS' THIRD ATTEMPT TO TRANSFER OR STAY

### A.   Defendants' Losing Motion to Dismiss or Transfer

On February 14, 2005, Defendants in lieu of an answer in this case filed a motion to

dismiss or, in the alternative, to transfer the case to Florida.[25]  Regarding Defendants' motion to

dismiss, this Court denied it on the grounds that:

---

[21]  *See supra* n. 1 & 5.

[22]  Complaint for Declaratory Judgment p.1, *Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, Case No. 05-cv-1083 (D. Colo. filed June 14, 2005) (Docket No. 1) (parenthetical omitted).

[23]  Complaint p. 1 & ¶ 14, *Florida Breckenridge, Inc. v. Metabolite Labs., Inc.*, Case No. 04-81081 (S.D. Fla. filed Nov. 22, 2004) in Exh. C.

[24]  *See* Counterclaim Defendant Florida Breckenridge's Reply to Counterclaim ¶ 6, *Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, Case No. 05-cv-1083 (D. Colo. filed Nov. 1, 2005) (Docket No. 74).

[25]  *See generally*, Defendants' Motion to Dismiss or Transfer (Docket No. 13).

> Here, I do not find dismissal of this action is proper under the prior pending action rule because Defendants are not, and never have been, parties to either Florida action.[26]

The grounds for Defendants' alternative motion to transfer were that a non-party to this case, namely Florida Breckenridge, Inc., had filed its declaratory judgment action against Metabolite in Florida ten days before the present action was filed.  This Court denied that motion too:

> In this case, the Plaintiff has selected Colorado as its forum of choice, and as previously set forth, Plaintiff's choice of forum is afforded substantial deference.  Moreover, I further find Defendants have not met their burden of 'establishing that the existing forum is inconvenient.'[27]

**B.  Defendants' Losing Motion To Stay**

In the meantime, the other Breckenridge entity, Breckenridge Pharmaceutical, Inc., filed a declaratory judgment action in Colorado against Metabolite.

The present Defendants then filed a motion to stay the present earlier-filed case in favor of the later case filed by Breckenridge Pharmaceuticals, Inc.  Magistrate Judge Shaffer denied that motion on September 2, 2005. [28]

---

[26]  Order p. 5, Aug. 30, 2005 (Docket No. 52).  Defendants' motion to dismiss was, alternatively, on the grounds of improper venue, a contention they asserted in their motion but later "abandoned."  *Id*. at 4.

[27]  *Id*. at 7-8 (citation omitted).

[28]  *See* Order Denying Motion to Stay, Sept. 2, 2005 (Docket No. 56).

### III.    DEFENDANTS' LATEST MOTION SHOULD BE DENIED

Down 0-2 in the count, Defendants' latest motion is another swing-and-a-miss. Defendants' rationale this time is to seize on a point that was not pivotal to this Court's earlier denials:  the issue of personal jurisdiction in Florida.

Breckenridge correctly notes that the Federal Circuit recently issued an opinion holding that the district court in Florida has personal jurisdiction over Metabolite in connection with a certain suit there involving certain patents.  Lost in Breckenridge's presentation, however, is the identity of the suit, the identity of the parties to it, and the identity of the patent at issue in it.

#### A.    The Florida Case Involved Different Entities

As noted above, neither of the suits in Florida were by the present Defendants. Moreover, they were against Metabolite <u>and</u> its unrelated licensee Pamlab, L.L.C.  Therefore, of the six parties to these cases in Florida and Colorado (Breckenridge Pharmaceutical, Inc., Florida Breckenridge, Inc., Metabolite and Pamlab in Florida; and AmerisourceBergen, McKesson and Metabolite in Colorado) only one – Metabolite – is a party to both.

#### B.    The Federal Circuit Case Involved Different Patents And Different Products

The case appealed to the Federal Circuit was the first Florida case, not the second one. Therefore, it did <u>not</u> relate to the '496 Patent at issue in the present case.  In fact, at the time that earlier case was filed, there was no dispute about the '496 Patent.  At that time, Breckenridge had not even introduced its Folbic product that is the subject of the '496 Patent infringement claim in the present suit.

**C.    The Federal Circuit's Decision Was Based In Part On "Cease And Desist" Letters Concerning The <u>Other</u> Patents**

As noted above, this Court's denial of Defendants' earlier motion to transfer did not hinge on whether there was personal jurisdiction over Metabolite in Florida.  But, to the extent this Court now wishes to revisit that question, it is emphasized that the product and patents at issue in the case appealed to the Federal Circuit are different than the product and '496 Patent at issue in the present case.  This is important to the personal jurisdiction question, and also to subject matter jurisdiction.

**1.    There Is No Personal Jurisdiction In The Second Florida Case**

Breckenridge's complaint in the first Florida case was over so-called cease and desist letters Metabolite sent into Florida notifying companies there of Metabolite's U.S. Patent Nos. 5,795,873 and 6,297,224.[29]  The Federal Circuit stated that there would be personal jurisdiction over Metabolite only if:

> (1)  [Metabolite] purposefully directed its activities at residents of the forum, (2) the claim arises out of or relates to those activities, and (3) assertion of personal jurisdiction is reasonable and fair.[30]

The Federal Circuit concluded after discussion that:

> [T]he crux of the due process inquiry should focus first on whether the defendant has had contact with parties in the forum state beyond the sending of cease and desist letters . . . .

---

[29]  *See* Complaint ¶¶ 3 &14, *Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, Case No. 04-80090 (S.D. Fla. filed Jan. 29, 2004) in Exh. A.

[30]  Opinion p. 4, *Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, No. 05-1221, -1428 (Fed. Cir. Apr. 7, 2006) attached to Amended Motion to Transfer at Exh. A (Docket No. 127-2).

> Here, in addition to sending letters into the forum state, which we presume qualify as 'cease and desist' letters, Metabolite has . . . .[31]

The *sine quo non* of the analysis was therefore Metabolite's "cease and desist" letters concerning the patents at issue in that case. Those letters were necessary, but not sufficient standing alone, to establish personal jurisdiction.

As mentioned above, the patents at issue in the first Florida case were different than the '496 Patent at issue in the present case. Similarly, the patents at issue in Metabolite's "cease and desist" letters, upon which Breckenridge and the Federal Circuit partially based personal jurisdiction over Metabolite, were different than the '496 Patent at issue in the present case.[32] Accordingly, although the Federal Circuit has determined that there is personal jurisdiction over Metabolite for adjudication of Breckenridge's declaratory judgment claims concerning other patents (subject to the outcome of Metabolite's petition for rehearing), it has not and cannot make such a determination regarding the '496 Patent which was never the subject of any "cease and desist" letters and was never the subject of any case before the Federal Circuit.[33]

---

[31] *Id.* at 6.

[32] *See, e.g.*, Letter from G. Beaton to R. Lewis p. 1, Jan. 13, 2004, in Exh. H (a representative letter sent into Florida by Metabolite).

[33] If the second Florida case becomes un-stayed, Metabolite anticipates filing a motion to dismiss it for lack of personal jurisdiction since Metabolite has no contacts whatever with Florida relating to the '496 Patent, and filing a motion to dismiss for lack of subject matter jurisdiction.

### 2. There Is No Subject Matter Jurisdiction Over The Patent Claims In The Second Florida Case

For there to be subject matter jurisdiction over a patent declaratory judgment claim the claimant must be under a "reasonable apprehension" of being sued at the time the claim is filed.[34] Here, Breckenridge was under no such reasonable apprehension with respect to the '496 Patent at the time it filed the second Florida case. It is undisputed that Metabolite had never sent any "cease and desist" letters with respect to that patent.

### D. Transfer Is Premature

In any event, this is no time to transfer this case to Florida, for the simple reason that there is currently no active case in Florida. Metabolite has filed a petition for rehearing *en banc* with the Federal Circuit. If that petition is granted, then the appeal will be reheard and a decision will be made as much as a year from now. Even if Metabolite's petition is denied, no mandate will issue from the Federal Circuit until the time of the denial – months from now. In the meantime, the district court in Florida is divested of jurisdiction over the first Florida case (involving the other patents) and the second Florida case (involving the '496 Patent) is effectively stayed pending the Federal Circuit's order or opinion on Metabolite's petition for rehearing *en banc*.[35]

---

[34] *See, e.g.*, *EMC Corp. v. Norand Corp.*, 89 F.3d 807, 811 (Fed. Cir. 1996).

[35] *See* Order Granting Plaintiff an Extension of Time to Respond to Pending Motions, *Florida Breckenridge, Inc. v. Metabolite Labs., Inc.*, Case No. 04-81081 (S.D. Fla. filed Apr. 24, 2006) in Exh. I.

If the Federal Circuit denies Metabolite's petition for rehearing months from now (or grants it but affirms the earlier holding a year or two from now), then the Florida cases will become re-activated.  But, as explained above, the second Florida case – to which Defendants seek a transfer of this case – involves different products and patents than the case on appeal. Metabolite will move to dismiss the second Florida case for lack of both personal and subject matter jurisdiction.  If either of these motions is granted, then the comical result will be a transfer back to Colorado.

### E.    Breckenridge's Other Arguments Were Already Rejected By This Court

Breckenridge's other arguments for a transfer have already been considered and rejected by this Court.  Regarding the first-to-file rule, this Court expressly held that the rule was inapplicable because the parties to the Florida cases were not the same as the parties to the present case.[36]  As noted above, of the six parties to the actions in Colorado and Florida only one – Metabolite – is common.

Regarding Defendants' so-called "customer suit" rule, Defendants themselves acknowledge that their argument is a rehash of the same losing argument they presented before.[37]  Their argument is no better this time around.[38]  The court in Florida to which they

---

[36] *See* Order p. 5, Aug. 30, 2005 (Docket No. 52); *see also* Response in Opposition to Defendants' Amended Motion to Dismiss or Transfer p. 10 (Docket No. 26) in Exh. J.

[37] "As previously asserted in Defendant Distributors' Motion For Stay filed on July 11, 2005 . . . ."  Amended Motion to Transfer p. 5 (Docket No. 127).

propose transferring this case (the court handling the second Florida case) has no personal jurisdiction over Metabolite.  The decision of the Federal Circuit (even if it survives Metabolite's petition for rehearing), involving the <u>first</u> Florida case is not to the contrary, for that decision involved different patents, different products, different parties, and a "cease and desist" letter not at issue in the second Florida case.

Defendants' argument about convenience was similarly already considered and rejected by this Court.[39]

Finally, Defendants' alternative motion, to stay this action, is ill-advised.  Discovery in the present case is essentially over, while the Florida cases have barely begun and no trial is even set in either one.  Defendants' bald assertion that "a stay promotes judicial economy and avoids duplicative litigation"[40] is disingenuous.  A stay would <u>necessitate</u> duplicative litigation by requiring the parties to re-do in Florida the litigation they have already performed in Colorado – an outcome which Defendants apparently desire so that they can craft a better case the second time around.

---

[Footnote continued from previous page]

[38] *See* Response in Opposition to Defendants' Amended Motion to Dismiss or Transfer p. 10 (Docket No. 26) in Exh. J.

[39] *See* Order p. 7-8, Aug. 30, 2005 (Docket No. 52); *see also* Response in Opposition to Defendants' Amended Motion to Dismiss or Transfer p. 11-14 (Docket No. 26) in Exh. J.

[40] Amended Motion to Transfer p. 8.

**CONCLUSION**

Metabolite respectfully requests that Defendants' motion be denied, and for such other relief as the Court may deem appropriate.

Date:   May 2, 2006.

Respectfully submitted,

  s/ Glenn K. Beaton
Glenn K. Beaton
GIBSON, DUNN & CRUTCHER LLP
1801 California Street, Suite 4200
Denver, CO 80202-2642
Email:  gbeaton@gibsondunn.com
Telephone: (303) 298-5700
Fax: (303) 296-5310

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on May 2, 2006, I electronically filed the foregoing **METABOLITE'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Hugh Gottschalk:  gottschalk@wtklaw.com
Julie Walker:  walker@wtklaw.com
Philip R. Wiese:  pwiese@bdblaw.com
Mark J. Skakun:  mskakun@bdblaw.com
Louis F. Wagner:  LWagner@bdblaw.com

and I hereby certify that I have mailed the document to the following non CM/ECF participants:

Robert E. Pershes
L.A. Perkins
BUCKINGHAM, DOOLITTLE & BURROUGHS LLP
5355 Town Center Road, Suite 900
Boca Raton, FL  33486-1069

 s/ Glenn K. Beaton
Glenn K. Beaton
GIBSON, DUNN & CRUTCHER LLP
1801 California Street, Suite 4200
Denver, CO 80202-2642
E-mail: gbeaton@gibsondunn.com
Telephone: (303) 298-5700
Fax: (303) 296-5310

Attorneys for Plaintiff, Metabolite Laboratories, Inc.

60135800_2.DOC