IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-CV-2501-WYD-CBS

METABOLITE LABORATORIES, INC.

Plaintiff,

v.

AMERISOURCEBERGEN CORPORATION, a Delaware Corporation, and
McKESSON CORPORATION, a Delaware Corporation

Defendants

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO TRANSFER
OR, IN THE ALTERNATIVE, TO STAY**

Plaintiff, Breckenridge Pharmaceutical, Inc., and counterclaim Defendant, Florida Breckenridge, Inc. (collectively referred to as "Breckenridge"), by and through their undersigned counsel, respectfully file this Reply in support of Motion to Transfer or, in the Alternative, Stay.

**A.   Consolidation of all '496 Cases into the First Filed Case is Appropriate.**

Metabolite strives mightily and without success to avoid several basic and undisputed facts regarding the various lawsuits involving the '496 patent. First, there is absolutely no question that the first case involving the `496 Patent was filed in the District Court for the Southern District of Florida: *Florida Breckenridge, Inc., v. Metabolite Laboratories, Inc.*, Case No. 04-cv-81081 (the "Florida DJ Action"). Second, Metabolite has consistently argued in this case that all cases involving the '496 patent should be consolidated in the Court which handled the first filed case. *See,* Plaintiff's Opposition to Defendants' Motion to Stay [Doc. #44]. Third,

the Federal Circuit has recently issued an opinion holding that the Southern District of Florida has personal jurisdiction over Metabolite based upon its actions within the state of Florida.

With this decision of the Federal Circuit, it is clear that Metabolite no longer wants to follow the first-to-file rule. It has delayed the proceedings in the Southern District of Florida by taking the extraordinary step of seeking to have the Federal Circuit review the appeal *en banc*.[1] Additionally, it asserts that the first filed case in Florida can be ignored because discovery in this case is almost complete, a statement which is simply not true. Metabolite recently filed a Status Report in this case stating that there was still so much discovery to complete that the discovery deadline should be extended to October 31, 2006. *See,* Metabolite's Status Report to Magistrate Judge filed on May 15, 2006 [**Doc. #141**]. Thus, Metabolite's argument that transfer of this action is not appropriate because discovery in this case is essentially over is completely without merit, and contradicted by its own filings.[2]

Although the Defendants filed the Motion to Stay or Transfer, they have no interest in delaying a decision on the merits regarding the '496 patent. Until the mandate issues from the Federal Circuit and the Florida jurisdiction issue is fully resolved, Defendants have no objection to proceeding with discovery in this case. Although Defendants would all three cases involving

---

[1] In an attempt to suggest that the Federal Circuit is going to reverse its decision, Metabolite has just filed a quasi-status report to inform the Court that the Federal Circuit has requested Breckenridge to file a response to Metabolite's Petition for Rehearing En Banc. (*See,* Metabolite's Notice of Request by the Federal Circuit, [**Doc #142**]). No conclusions can be drawn by the fact that the Federal Circuit has requested a brief from Breckenridge. The Federal Circuit's request for Breckenridge to file a response brief by May 22, 2006, only indicates that the Federal Circuit will be in a position to rule on the Motion for Rehearing shortly.

[2] Metabolite's Status Report identifies a raft of totally inappropriate discovery, including the depositions of Defendants' four trial counsel regarding communications with their clients. Although Defendants do not agree with all of the discovery identified in Metabolite's Status Report, it is clear that additional discovery will be needed to be conducted in this case.

the '496 patent consolidated into the Florida DJ Action, the discovery developed in this case or the companion Colorado case can be used however the cases are ultimately consolidated. Accordingly, Defendants request that this Court simply take this Motion under advisement until the Federal Circuit proceedings are concluded, at which time this Court makes a final and informed decision about transfer and consolidation.[3]

Metabolite suggests that transfer or consolidation of this case is also inappropriate because it involves distributors, rather than Breckenridge. However, this argument ignores the applicable law which holds that the parties do not have to be identical in order for transfer or stay to be appropriate. Where, as here, there are two suits involving <u>substantially the same parties and issues</u>, the court which the first suit was filed should proceed to judgment first. *See, e.g., Elecs. For Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1347 (Fed. Cir. 2005) (*See also*, Motion at 3-5). Even though Metabolite and Breckenridge are identical parties in both lawsuits, having completely identical parties is not even necessary.

In short, it is undisputed that there are three cases which involve substantially the same parties and the <u>exact same fundamental issues with respect to the `496 Patent</u> -- is the '496 Patent invalid and/or unenforceable? Various courts have addressed the issues of consolidation and/or transfer by citing the first-to-file rule and the customer suit rule, as described in Defendants' Motion. *See*, pp. 3-8. Under either of these rules, transfer to the first filed case in Florida is

---

[3] In fact, Defendants and Breckenridge have repeatedly attempted to schedule multiple depositions in this matter including the depositions of Drs. Allen and Stabler as Metabolite's experts, and the depositions of Attorney Beaton and Metabolite. Unfortunately, through numerous excuses, including purported scheduling conflicts of Metabolite's counsel, sickness of Metabolite's counsel and, most recently, a climbing expedition in Peru by Metabolite's counsel, Metabolite continues to delay and avoid these depositions.

appropriate. Metabolite's efforts to delay the finality of the Federal Circuit decision only affects the timing of that transfer, not the outcome.

## CONCLUSION

Setting aside Metabolite's distracting arguments, the Court is left with the fact that there are three cases which involve substantially the same parties and the same patent. In this situation, Metabolite respectfully submits that an application of the law regarding the first-to-file rule and the customer suit rules indicates that this case should be transferred to the Florida DJ Action or stayed pending the outcome of that case. In light of Metabolite's eleventh hour filing of a petition for rehearing *en banc*, Defendants respectfully suggest this Court take this Motion under advisement until the Federal Circuit proceedings are concluded, at which time this Court makes a final and informed decision regarding Defendant's Motion to Transfer or, in the Alternative, to Stay.

Date:  May 18, 2006                     Respectfully submitted,


/s/ Hugh Q. Gottschalk
Hugh Q. Gottschalk
Wheeler Trigg Kennedy LLP
1801 California Street, Suite 3600
Denver, Colorado  80202
Telephone:  (303) 244-1800
Facsimile:  (303 244-1879
gottschalk@wtklaw.com

Attorneys for Defendants
AmerisourceBergen Corp. & McKesson Corp.

Buckingham, Doolittle & Burroughs, LLP

Robert E. Pershes
L.A. Perkins
5355 Town Center Road, Suite 900
Boca Raton, Florida  33486
Telephone:  (561) 241-0414
Facsimile:  (561) 241-9766

Mark J. Skakun, III
Louis F. Wagner
Philip R. Wiese
50 South Main Street
P.O. Box 1500
Akron, Ohio  44309-1500
Telephone:  (330) 376-5300
Facsimile:  (330) 258-65598

Co-Counsel for Defendants AmerisourceBergen Corp. & McKesson Corp.

5

### CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on May 18, 2006, I electronically filed the foregoing DEFENDANTS' REPLY IN SUPPORT OF MOTION TO TRANSFER OR, IN THE ALTERNATIVE, TO STAY with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- **Glenn K. Beaton**
  gbeaton@gibsondunn.com ralfrey@gibsondunn.com;Denver_USDC@gibsondunn.com
- **Hugh Gottschalk**
  gottschalk@wtklaw.com hart@wtklaw.com;gottesfeld@wtklaw.com
- **Robert C. Marshall**
  rmarshall@gibsondunn.com
  mmartinez@gibsondunn.com;Denver_USDC@gibsondunn.com
- **Mark J. Skakun**
  mskakun@bdblaw.com mreesey@bdblaw.com
- **Amanda J. Tessar**
  atessar@gibsondunn.com lapodaca@gibsondunn.com;Denver_USDC@gibsondunn.com
- **Louis F. Wagner**
  LWagner@bdblaw.com RLear@bdblaw.com
- **Julie M. Walker**
  walker@wtklaw.com mcguire@wtklaw.com
- **J. Gregory Whitehair**
  gwhitehair@gibsondunn.com
  lapodaca@gibsondunn.com;Denver_USDC@gibsondunn.com
- **Philip R. Wiese**
  pwiese@bdblaw.com

/s/ Hugh Q. Gottschalk by Janean C. Hart
Hugh Q. Gottschalk
Wheeler Trigg Kennedy LLP
1801 California Street, Suite 3600
Denver, Colorado 80202
Telephone: (303) 244-1800
Facsimile: (303 244-1879
gottschalk@wtklaw.com

415053v1