IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  04-cv-02501-WYD-CBS

METABOLITE LABORATORIES, INC., a Colorado corporation,

    Plaintiff,

v.

AMERICSOURCEBERGEN CORPORATION, a Delaware corporation;
MCKESSON CORP., a Delaware corporation,

    Defendants.
_____

**ORDER**
_____

I.    <u>INTRODUCTION</u>

    THIS MATTER is before the Court on two motions: (1) the Motion for Consolidation filed by Plaintiff Metabolite Laboratories, Inc. [hereinafter "Metabolite"] filed February 21, 2006; and (2) Defendants' Amended Motion to Transfer or, in the Alternative, to Stay filed April 20, 2006.  Metabolite seeks a ruling in its motion that his case be consolidated with *Breckenridge Pharmaceuticals, Inc. v. Metabolite Laboratories, Inc.*, Civil Action No. 1:05-cv-01083-REB-BNB [hereinafter referred to as the "Breckenridge" action].  Defendants filed a response to this motion on April 17, 2006, and Metabolite filed a reply on May 2, 2006.

    Defendants oppose consolidation and seek to transfer this case to the United States District Court for the Southern District of Florida, where an older case involving

the same patent at issue is filed.  Metabolite filed a response to the motion to transfer or stay on May 2, 2006, and a reply was filed by Defendants on May 18, 2006.

For the reasons stated below, Metabolite's Motion for Consolidation is granted. Defendants' Amended Motion to Transfer or, in the Alternative, to Stay is deferred until the Federal Circuit issues a ruling on a Petition for Rehearing filed by Metabolite.

II.     ANALYSIS

I first address the Motion for Consolidation.  Metabolite argues that consolidation is proper as the two cases pending in this Court relate to the same patent and the same product, and Metabolite is the patent owner and a claimant in both cases.  Further, Metabolite asserts that the parties previously agreed that discovery in each case was usable in the other case.  Metabolite contends that it would be a waste of judicial resources to require the cases to proceed separately, and that it would be burdensome and unfair to require Metabolite to defend the same patent invalidity cases brought by the same lawyers in two different courts in the same district.

In response, Defendants do not dispute any of the above contentions made by Metabolite, including the fact that the issues are identical in the two actions.  Instead, Defendants assert that the cases should not be consolidated as there is an older case filed in the United States District Court for the Southern District of Florida that involves the same patent, and that this case should be transferred to that court to avoid the issue being litigated in multiple courts.  This is also the basis of Defendants' Amended Motion to Transfer or, in the Alternative, to Stay .

Turning to my analysis, FED. R. CIV. P. 42 states that "[w]hen actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." Consolidation is within the discretion of the trial court. *Gillette Motor Transport v. Northern Oklahoma Butane Co.*, 179 F.2d 711, 712 (10th Cir. 1950). Pursuant to D.C.COLO.LCivR 42.1, these motions "shall be given priority."

In the case at hand, I find that Metabolite's Motion for Consolidation should be granted. It is undisputed that the issues in the two cases in this Court are identical, relating to a patent owned by Metabolite. Further, while Defendants asserted in their response that discovery has been stayed in this case but not in the *Breckenridge* case, I note that is not accurate. Magistrate Judge Shaffer requested at a status conference held on May 9, 2006, that the parties identify what further discovery needs to be taken. The parties' status report indicates that the need for discovery is ongoing in both cases. I find that it would be a waste of judicial resources for the cases to proceed independently, and that consolidation is proper. I further reject Defendants' attempt to have this case transferred into the later filed *Breckenridge* action. This is improper pursuant to D.C.COLO.LCivR 42.1.

As to Defendants' motion to transfer or to stay, I find it should be deferred as premature. While the United States District Court for the Southern District of Florida originally ruled that it did not have personal jurisdiction over Metabolite, the Federal

Circuit reversed this ruling and remanded the case back to Florida. However, Defendant has requested a rehearing before the Federal Circuit, and the district court in Florida has essentially stayed the case pending a decision on that issue. Accordingly, I defer ruling on Defendants' Motion to Transfer or, in the Alternative, to Stay until after the Federal Circuit has ruled on Metabolite's Petition for Rehearing. The parties shall promptly advise the Court once this Petition has been ruled on.

III.   CONCLUSION

Based upon the foregoing, it is

ORDERED that the Motion for Consolidation filed by Plaintiff Metabolite Laboratories, Inc. on February 21, 2006, is **GRANTED**. *Breckenridge Pharmaceuticals, Inc. v. Metabolite Laboratories, Inc.*, Civil Action No. 1:05-cv-01083-REB-BNB shall be consolidated with this case for all further purposes. It is

FURTHER ORDERED that Defendants' Amended Motion to Transfer or, in the Alternative, to Stay filed April 20, 2006, is **DEFERRED**.

Dated:  June 5, 2006

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge