IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  04-cv-02501-WYD-CBS

METABOLITE LABORATORIES, INC., a Colorado corporation,
BRECKENRIDGE PHARMACEUTICAL, INC.;

    Plaintiff,

v.

AMERISOURCEBERGEN CORPORATION, a Delaware corporation;
McKESSON CORP., a Delaware corporation,

    Defendants.

---

(consolidated with Civil Action 05-cv-01083-WYD-BNB)

BRECKENRIDGE PHARMACEUTICAL, INC.,

    Plaintiff,

v.

METABOLITE LABORATORIES, INC.,

    Defendant.

and

METABOLITE LABORATORIES, INC.,

    Counterclaimant,

v.

BRECKENRIDGE PHARMACEUTICAL, INC.;
FLORIDA BRECKENRIDGE, INC.,

    Counterclaim Defendant

---

**ORDER**

THIS MATTER comes before the Court on the Stipulated Motion to Stay filed by the parties on June 15, 2006. The motion requests that both cases be stayed pending the outcome of the related Florida action, and is stipulated to by all parties. I agree with the parties that a stay of these cases seems appropriate. There is a well recognized rule that the court in which suit was first filed should proceed to judgment first, and the second court should decline consideration of the action until the proceedings before the first court are terminated. *See Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 938 (Fed. Cir. 1993), *abrogated on other grounds*, 515 U.S. 277 (1995); *Cessna Aircraft Co. v. Brown*, 348 F.2d 689, 692 (10th Cir. 1965). "The simultaneous prosecution in two different courts of cases relating to the same parties and issues 'leads to the wastefulness of time, energy and money.'" *Brown*, 348 F.2d at 692 (quotation omitted).

In this case, the first filed case was in Florida, and the Florida court has recently reopened that case. *See* Notice of Order Reopening Florida Breckenridge Litigation filed June 16, 2006. I note that since the same issue is involved in both courts, *i.e.,* the validity of a Metabolite patent, it may well be that the Florida action will be dispositive of the issues in this case. Further, since the Florida case is just now being reopened, it may be months or even years before that case is resolved. Thus, instead of a stay, I find that this case should be administratively closed subject to reopening for good cause shown. *See Quinn v. CGR*, 828 F.2d 1463, 1465 and n. 2 (10th Cir. 1987) (construing this type of closure as the practical equivalent of a stay). Good cause for

reopening the case shall include the termination of the Florida action and the need to resolve issues remaining in these consolidated cases.

Accordingly, it is

ORDERED that the Stipulated Motion to Stay (docket # 159) is **GRANTED IN PART AND DENIED IN PART**.  Instead of a stay, these cases shall be **ADMINISTRATIVELY CLOSED** pursuant to D.C.COLO.LCivR 41.2 subject to reopening for good cause.  It is

FURTHER ORDERED that in light of the closure of this case pending the outcome of the Florida action, Defendants' Amended Motion to Transfer or, in the Alternative, to Stay (docket # 127) and the Unopposed Motion for Extension of Time to Respond to Metabolite's Motion for Extension of Discovery and Dispositive Motions Deadline (docket # 160) are **DENIED AS MOOT**.  It is

FURTHER ORDERED that all other pending motions in the cases (docket # 58, 143, 146, and 153) are **DENIED WITHOUT PREJUDICE**.  Should the case be reopened in the future, the parties may refile these motions should they be deemed appropriate.  Finally, it is

ORDERED that the parties shall file a pleading advising the Court when the Florida action has concluded and stating whether dismissal is proper of these consolidated cases.

Dated: June 19, 2006

                    BY THE COURT:

                    s/ Wiley Y. Daniel
                    Wiley Y. Daniel
                    U. S. District Judge